**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4697-18

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

JOHN CANNAROZZO,

     Defendant-Appellant,

and

MRS. JOHN CANNAROZZO,
his wife, and CITIZENS STATE
BANK,

     Defendants.

_____

Submitted February 8, 2021 - Decided April 8, 2021

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey,
Chancery Division, Ocean County, Docket No.
F-012375-18.

John Cannarozzo, appellant pro se.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel; Ethan R. Buttner, on the brief).

PER CURIAM

In this residential foreclosure action, the borrower appeals from a summary judgment order granted by the trial court in favor of the lender. For the reasons set forth below, we affirm.

I.

On June 12, 2018, Wells Fargo filed a foreclosure action against John Cannarozzo (appellant), Mrs. John Cannarozzo, and Citizen's State Bank[1] in the Ocean County Chancery Division. Appellant filed an answer July 23, 2018, and Wells Fargo filed a motion for summary judgment on November 5, 2018. Appellant opposed summary judgment and filed a cross-motion for summary judgment on February 11, 2019. Appellant argued Wells Fargo had no standing to bring a foreclosure action because it lost the mortgage note, the Notice of

---

[1] The defendants in this action are listed in the caption as above. Mrs. John Canarozzo's appeal was dismissed without prejudice on or about July 1, 2019. John Canarozzo's appeal was dismissed without prejudice, September 10, 2019, however his appeal was reinstated November 26, 2019. There is nothing in the record before us as to Citizen's State Bank. No appearance has been entered in this appeal on behalf of either Mrs. John Cannarozzo or Citizen's State Bank. All references in this matter to appellant are to John Cannarozzo only, who is pro se.

Intent to Foreclose (NOI) was deficient, and Wells Fargo's affidavits were hearsay.

The trial court granted Wells Fargo's motion for summary judgment and denied the appellant's cross-motion on February 20, 2019. The court entered final judgment against appellant in the amount of $566,940.05.

## II.

Appellant executed a $484,000 note and mortgage on his residential property on November 17, 2009. The original note was payable to Stearns Lending, Inc. (SLI). The original mortgage executed by appellant designated Mortgage Electronic Registration Systems, Inc (MERS) "as the nominee for [SLI] and [SLI's] successors and assigns." Appellant defaulted on the note and mortgage on March 1, 2016.

After appellant's default, the mortgage was assigned three times. Wells Fargo submitted an affidavit in support of its summary judgment motion from Keisha James, Vice-President of Loan Documentation. James attested to three mortgage assignments: MERS to Seneca Mortgage Servicing, LLC, recorded on September 15, 2016; Seneca Mortgage Servicing, LLC to Nationstar Mortgage, LLC, recorded on November 2, 2016; and Nationstar Mortgage LLC to Wells Fargo Bank, N.A. to recorded on December 27, 2017.

Wells Fargo served appellant with a Notice of Intent to Foreclose (NOI) on April 24, 2018 via certified mail. Wells Fargo filed and served its complaint on appellant shortly thereafter.

At some point prior to Wells Fargo's summary judgment motion, the accompanying note was lost. In addition to the James affidavit, Wells Fargo submitted a Lost Note Affidavit signed by a different Vice-President for Loan Documentation, Kelly Butikofer.[2] Ms. Butikofer certified that the note was inadvertently lost, misplaced, destroyed, pledged, transferred, or otherwise disposed of. Butikofer further certified that Wells Fargo agreed to indemnify and hold harmless appellant against "loss or damage, which may result by reason of a third party presenting the Note and validly enforcing the same against [appellant], following judgment and before running the statute of limitations for enforcement of the [n]ote."

The court found no genuine issues of material fact and granted summary judgment for Wells Fargo. The court denied appellant's cross-motion. Appellant's answer was stricken by the court and the case was returned to the Office of Foreclosure as uncontested. Appellant challenges both orders.

---

[2] Both affidavits are part of the record before us. James attached Butikofer's Lost Note Affidavit to her affidavit in support of summary judgment.

A-4697-18

Our review of a summary judgment ruling is de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017); Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). We apply the same standard as the trial court. Ibid. "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Appellant argues the lost note prevented Wells Fargo from proving standing to sue. We disagree. Wells Fargo's lost note affidavit, attesting that the note was inadvertently lost, misplaced, destroyed, pledged, transferred, or otherwise disposed of, facilitates its right to enforce the assigned mortgage under N.J.S.A. 12A:3-309. Investors Bank v. Torres, 243 N.J. 25, 46-7 (2018). "[P]ossession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing." Deutsche Bank Trust v. Angeles, 428

N.J. Super 315, 318 (citing Deutsche Bank National Trust Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

Through the James affidavit, Wells Fargo presented competent evidence of each recorded assignment, starting with MERS, the original mortgage holder on behalf of SLI, to Wells Fargo. Its possession of the mortgage assignment on December 27, 2018, over six months prior to the filing of the complaint, establishes standing.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Appellant failed to present any legally competent evidence to support the allegations in his answer. He presented no facts to contest execution of the note or mortgage. He presented no facts to contest default, nor has he contested the amount due. Our review of the record, including appellant's answer, reveals no evidence proffered by appellant which would lead to any genuine issue of material fact. Wells Fargo met its burden as plaintiff in this foreclosure action by way of admissible and competent proofs attached to a proper affidavit establishing: the validity of the mortgage, the

amount of the indebtedness' and the right to resort to foreclosure of the mortgaged premises.

We note appellant challenged Wells Fargo's proofs, arguing that its supporting affidavits were hearsay. James and Butikofer were both Wells Fargo vice-presidents. They both attested to their familiarity with the business records maintained by Wells Fargo for the purposes of servicing mortgage loans. They each reviewed the relevant records pertaining to appellant's matter. James and Butikofer were competent to testify to the information in their respective affidavits pursuant to R. 1:6-6. The affidavits were properly admitted pursuant to the business records exception to the hearsay rule. N.J.R.E. 803(c)(6).

Appellant argues that the NOI failed to comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to 2A:50-73, because it was allegedly not sent by certified mail. Our review of the record confirms the NOI was served on appellant in accordance with N.J.S.A. 2A:50-56. Wells Fargo sent the NOI by certified mail to appellant at the mortgaged property address. In accordance with the statute, "[t]he notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party." N.J.S.A. 2A:50-56(b).

The record supports a finding of summary judgment in favor of Wells

7

Fargo. Additionally, the record reveals no basis in law or fact to disturb the trial court's order striking appellant's answer and denying his cross-motion for summary judgment.

Appellant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION